UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Demon Montez Rogers, | ) | Civil Action No.: 4:20-cv-01540-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Barnes, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Demon Montez Rogers, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. The matter is before the Court for review of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, who recommends summarily dismissing Petitioner's § 2241 petition without prejudice.[1] *See* ECF Nos. 13 & 16.

### **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion

In 2018, Petitioner pled guilty before this Court to a violation of 18 U.S.C. § 924(c)(1)(A), and the Court sentenced him to five years' imprisonment. *See United States v. Rogers*, No. 4:18-cr-00219-RBH-1 (D.S.C.). Petitioner is incarcerated in this District (at FCI Bennettsville) and has filed a § 2241 petition challenging his § 924(c) conviction based on *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc). *See* ECF No. 1.

The Magistrate Judge recommends summarily dismissing Petitioner's § 2241 petition because he cannot satisfy the savings clause in 28 U.S.C. § 2255(e). *See* ECF No. 13. Petitioner has filed objections to the R & R. *See* ECF No. 16.

Pursuant to § 2255(e), a prisoner may challenge his conviction and/or sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." Petitioner challenges his § 924(c) *conviction*, which requires an analysis under *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).[2] *Jones* outlines a three-part test for

---

[2] The Magistrate Judge applied the four-prong *Wheeler* test, which applies to challenges to a prisoner's *sentence*. *See United States v. Wheeler*, 886 F.3d 415, 428–29 (4th Cir. 2018). The Court **MODIFIES** the R & R to reflect that the *Jones* test provides the proper analysis for Petitioner's challenge to his *conviction*. In any event, the second prong of both the *Jones* and *Wheeler* tests contemplates a petitioner already having filed his "first § 2255 motion," *Jones*, 226 F.3d at 334; *Wheeler*, 886 F.3d at 429, and therefore the Magistrate Judge's ultimate conclusion is correct.

determining whether § 2255 is "inadequate or ineffective to test the legality" of a federal prisoner's conviction:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal *and first § 2255 motion*, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

226 F.3d at 333–34 (emphasis added). Notably, "[s]ection 2255 is not inadequate or ineffective merely because . . . the one-year statute of limitations has expired . . . ." *White v. Rivera*, 518 F. Supp. 2d 752, 759 (D.S.C. 2007) (alteration in original) (quoting *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002)), *aff'd*, 262 F. App'x 540 (4th Cir. 2008).

Petitioner fails to satisfy the second prong of the *Jones* test because he did not file a § 2255 motion before filing the instant § 2241 petition.[3] Although Petitioner alleges he "missed the deadline for filing [a] 28 U.S.C. § 2255 motion," this alleged failure does not render § 2255 inadequate or ineffective. *See White*, *supra*; *see also Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) ("'[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because . . . an individual is procedurally barred from filing a § 2255 motion.'" (ellipsis in original) (quoting *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997))); *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002) (recognizing "[t]he

---

[3] In his verified § 2241 petition, Petitioner acknowledges he has not already filed a § 2255 motion. *See* ECF No. 1 at p. 4. Previously, in his criminal case, he filed (1) a motion seeking an extension of time to file a § 2255 motion and (2) a one-page § 2255 motion not on the Court's standard form, both of which this Court summarily dismissed *without* prejudice. *See Rogers*, No. 4:18-cr-00219-RBH-1, at ECF Nos. 73, 75, 76, & 79. Thus, Petitioner still had the opportunity to file his "first § 2255 motion" before filing the instant § 2241 petition, *cf. United States v. Sosa*, 364 F.3d 507, 510 n.2 (4th Cir. 2004) (noting a district court's dismissal of a § 2255 motion without prejudice and without adjudicating the merits would not bar the filing of another § 2255 motion); and he subsequently filed a § 2255 motion on May 28, 2020 (after the Magistrate Judge entered the R & R). *See id.* at ECF No. 91. That first, formal § 2255 motion remains pending.

statute of limitations question is more in the nature of an affirmative defense"). Thus, Petitioner fails to satisfy the savings clause in 28 U.S.C. § 2255(e), and the Court must dismiss his § 2241 petition for lack of jurisdiction. *See Habeck v. United States*, 741 F. App'x 953, 954 (4th Cir. 2018) ("The requirements of the § 2255(e) savings clause are jurisdictional.").

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## Conclusion

For the above reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS AS MODIFIED** the R & R [ECF No. 13], and **DISMISSES** Petitioner's § 2241 petition *without prejudice* and without requiring Respondent to file an answer or return. Petitioner's Motion for Discovery [ECF No. 19] is **MOOT**. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina         <u>s/ R. Bryan Harwell</u>
July 7, 2020        R. Bryan Harwell
       Chief United States District Judge